IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | | |
|---|---|---|
| CHESTER PAUL BROWN, | ) | |
| Petitioner, | ) ) ) | Civil No. 05-1303-TC |
| v. | ) ) ) | FINDINGS AND RECOMMENDATION |
| GUY HALL, | ) ) | |
| Respondent. | ) ) | |

COFFIN, Magistrate Judge.

Petitioner, an inmate at the Two Rivers Correctional Facility filed a petition under 28 U.S.C. § 2254 challenging his First Degree Rape conviction on several grounds. Petitioner's Motion to Proceed in Forma Pauperis is incomplete in that it does not in that it does not include the required certificate from an authorized officer of the institution certifying whether plaintiff has any money on account. Accordingly, petitioner's Motion (#2) should be denied.

1 - FINDINGS AND RECOMMENDATION

In addition, for the reasons set forth below, petitioner's petition should be denied without prejudice.

A state prisoner must exhaust all available state court remedies either on direct appeal or through collateral proceedings before a federal court may consider granting habeas corpus relief. <u>Keeney v. Tamayo-Reyes</u>, 112 S.Ct. 1715, 1720 (1992); <u>Duckworth v. Serrano</u>, 454 U.S. 1, 3 (1981). A prisoner satisfies the exhaustion requirement by "fairly" presenting his claims to the highest state court with jurisdiction to consider them. <u>Keeney</u>, 112 S.Ct. at 1720; <u>Picard v. Connor</u>, 404 U.S. 270, 276 (1971). A prisoner fairly presents his claims by describing in the state court proceeding both the operative facts and the legal theory on which his claim is based. <u>Anderson v. Hareless</u>, 459 U.S. 4, 6 (1982); <u>Guizar v. Estelle</u>, 843 F.2d 371, 372 (9th Cir. 1988); <u>Tamapua v. Shimoda</u>, 796 F.2d 261, 262 (9th Cir. 1986).

In this case, petitioner's allegations concerning the procedural history of his conviction are not clear. However, petitioner's allegations indicate that he has a pending state court proceedings. Petitioner alleges that he filed a Motion to Modify sentence which has "unanswered documents" and a "still unrendered decision." Petitioner further alleges the "Oregon Appeal court just exceeded the year time limit allowed to delay an Appellant." In addition, attachments to
2 - FINDINGS AND RECOMMENDATION

petitioner's petition seek "removal" of a state court proceedings "from the State court where it is pending" to this court.

The state court proceedings alleged by petitioner constitute unexhausted state court remedies which preclude this court from considering his claims.

Accordingly, petitioner's Petition (#1) should be denied without prejudice. This proceeding should be dismissed.

DATED this 24 day of August, 2005.

Thomas M. Coffin
United States Magistrate Judge